FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2007 OCT 29 PM 1: 19

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

PHIL CRAWFORD,

Plaintiff,

2:07-cv-702-FtM-29SPC

vs.

CASE NO.: _____

DONALD C. WINTER,
UNITED STATES SECRETARY
OF THE NAVY,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PHIL CRAWFORD ("CRAWFORD"), sues Defendant, DONALD C. WINTER, UNITED STATES SECRETARY OF THE NAVY ("WINTER"), and alleges:

### JURISDICTION

1. This is an action for damages and other relief brought pursuant to § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1977a, for intentional discrimination on the basis of disability pursuant to 42 U.S.C. § 2000e.

### PARTIES AND VENUE

2. Plaintiff is a person residing in Collier County, Florida, where he was employed by the Naval Post Graduate School ("the NPS"), a graduate school operated by the United States Navy, until the NPS terminated his employment on or about November 19, 2003.

3. Defendant is the "Agency Head" of the United States Navy, an agency of the Executive Branch of the Government of the United States.

4. The claims asserted in this Complaint arose in the Collier County area of the above-described District and Division.

## GENERAL ALLEGATIONS

5. Plaintiff worked in several divisions at the NPS from January 1996 through the termination of his employment with the NPS.

6. While employed at the NPS, by and through NPS employees, agents and representatives, the NPS had knowledge that Plaintiff suffered from the following disabilities and handicaps: (1) a spinal disorder; (2) limb disfigurement; (3) partial deafness; (4) cold weather (environmental) intolerance; and (5) mobility impairment (collectively "Plaintiff's Disabilities").

7. Because of Plaintiff's Disabilities, the NPS, through it employees, agents, and representatives, including Plaintiff's supervisor, Kathi Moore, engaged in a pattern of discriminatory, retaliatory, and abusive behavior against Plaintiff, culminating in Plaintiff's termination from the NPS.

8. Despite the NPS' knowledge of Plaintiff's Disabilities, on January 20, 2003, Plaintiff was forced to surrender his office facilities in favor of working at a table placed in the NPS first-floor hallway, a location constantly exposed to whether which aggravated Plaintiff's Disabilities. Ms. Moore refused Plaintiff's request for adequate heating for his new work area.

9. On July 29, 2003, Plaintiff's physician wrote a letter on Plaintiff's behalf stating in part that Plaintiff "requires transfer to a subtropical climate which is consistently warm all year around, with very minimal temperature variations. When he is placed in a temperature climate that varies too much, this causes increased physical distress and adversely affects his well being."

10. Plaintiff formally requested that he be allowed to relocate to a warmer climate where he could continue his work for the NPS by remote internet connection (telecommuting). Telecommuting is a standard, ordinary employment practice at the NPS. Several NPS employees in similar positions have been allowed to telecommute.

11. Pursuant to doctor's orders, and because of Plaintiff's work conditions, Plaintiff moved from Monterey, California to Naples, Florida in August 2003. Before leaving California, Plaintiff submitted a letter from his physician, as well as a Leave without Pay and Annual Leave slips to NPS.

12. In retaliation, Plaintiff's supervisor (Kathi Moore) placed Plaintiff on Absent without Leave ("AWOL") status. On November 19, 2003, Plaintiff's supervisor denied his request for leave without explanation and terminated Plaintiff for being AWOL.

13. Despite Plaintiff's Disabilities, the NPS wholly failed to make any reasonable accommodations for Plaintiff. As noted above, several reasonable accommodations for Plaintiff were available to NPS, including without limitation providing Plaintiff with adequate heating in his work area and allowing Plaintiff to telecommute.

14. As a result of Defendant's discriminatory, abusive, and retaliatory conduct towards Plaintiff, Plaintiff has lost benefits; earnings, including accrued sick leave and vacation time; and suffered emotional distress and damages, including but not limited to damage to his personal and professional reputation, and the impairment of his ability to obtain suitable employment commensurate with his training, education, and experience.

15. Plaintiff is an otherwise qualified individual with a disability who at all times material herein was able to perform, with reasonable accommodations, all the duties of his position.

16. Plaintiff has invoked internal EEO procedures required pursuant to the provisions of the Rehabilitation Act.

17. Plaintiff has exhausted administrative remedies, or exhaustion of administrative remedies would be futile or has been waived.

18. Plaintiff has performed all conditions precedent to this lawsuit, or they have otherwise occurred, been excused, or waived.

19. In order to pursue his claims under the Rehabilitation Act, Plaintiff has been forced to retain the undersigned counsel to prosecute these claims and to protect his rights, and is obligated to pay such counsel reasonable attorneys' fees.

WHEREFORE, Plaintiff PHIL CRAWFORD demands judgment from Defendant DONALD C. WINTER, UNITED STATES SECRETARY OF THE NAVY as follows:

A. That Plaintiff be awarded consequential and compensatory damages and the costs of this action including reasonable attorney fees, in accordance with 29 U.S.C. § 794a, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1977a;

B. Reassignment to his former position or to an equivalent position from which Plaintiff was unlawfully removed; and

C. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

                              WELDON & ROTHMAN, PL
                              7935 Airport-Pulling Rd., N. ste. 205
                              Naples, FL 34109
                              Tel: (239) 262-2141
                              Fax: (239) 262-2342

By: _____
        Bradley P. Rothman
        Florida Bar No.: 0677345
        Attorney for Plaintiff