UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHIL CRAWFORD,

           Plaintiff,

vs.	Case No. 2:07-cv-702-FtM-29SPC

DONALD C. WINTER, United States
Secretary of the Navy,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #11), filed on February 15, 2008. Plaintiff filed a Response (Doc. #15) on March 14, 2008.

**I.**

Plaintiff Phil Crawford (Crawford or plaintiff) was employed by the Naval Post Graduate School (NPS). While employed by NPS, plaintiff suffered from several disabilities including a spinal disorder, cold weather (environmental) intolerance and mobility impairment. (Doc. #1, ¶6.) Plaintiff alleges that despite NPS' knowledge of his disabilities they failed to provide him with any reasonable accommodations. As an example, the Complaint alleges that on January 20, 2003, plaintiff was required to move out of his office and work at a hallway table which was constantly exposed to inclement weather thereby aggravating plaintiff's condition. (Id.)

Plaintiff requested adequate heating for his new work area but his request was denied. (Id.) Plaintiff also requested that he be allowed to relocate and telecommute from a warmer area of the country. (Id.) NPS had permitted other employees to telecommute. (Doc. #1, ¶10.)

On the recommendation of his doctor, plaintiff moved from Monterey, California to Naples, Florida in August of 2003. (Id. at p. 3.) However, before moving, plaintiff submitted to NPS two requests, one for annual leave and one for leave without pay. Both of plaintiff's requests were denied. After plaintiff moved to Naples, his supervisor placed him on Absent Without Leave (AWOL) status, eventually terminating him on November 29, 2003. (Id.)

Plaintiff filed the instant Complaint asserting NPS violated the Rehabilitation Act of 1973 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1977a. Additional facts are set forth below as needed.

## II.

As a preliminary matter, the Court will treat defendant's Motion to Dismiss as one under FED. R. of CIV. P. 12(b)(6) and not under FED. R. of CIV. P. 12(b)(1). Plaintiff's failure to exhaust his administrative remedies is not a jurisdictional prerequisite to filing a complaint in federal court. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable

tolling." Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); see also Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1003-1010 (11th Cir. 1982)("the filing of an EEOC charge is not a jurisdictional prerequisite.")

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 2007 WL at *3; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

-3-

at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

### III.

In order to establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must allege that he: (1) had a disability; (2) was otherwise qualified for the position; and (3) was subjected to unlawful discrimination as the result of his disability. Garrett v. Univ. of Ala. Bd. of Trs., 507 F.3d 1306, 1310 (11th Cir. 2007); Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999). The Complaint alleges that plaintiff had numerous disabilities (Doc. #1, ¶6), was otherwise qualified for the position (Doc. #1, p. 3), and was subject to unlawful discrimination because he was: (1) reassigned to an office hallway table and denied adequate heating for his new work area; (2) denied his request to telecommute from a "warmer climate"; and (3) terminated by his supervisor in retaliation. (See generally, Doc. #1.) Therefore, the Court finds that plaintiff has alleged sufficient facts to survive a motion to dismiss, and thus the government's motion is denied.

**IV.**

Defendant has alternatively moved for summary judgment. Upon review of the record, the Court finds that there is a disputed issue of material fact as to whether plaintiff contacted or attempted to contact NPS' EEOC officer. <u>Compare</u> Doc. #11-2, ¶8 (government has no record of plaintiff contacting the EEO office) <u>with</u> Doc. #15-2, ¶11 (plaintiff initiated contacted with EEO office within 45 days). Therefore, summary judgment is denied. The Court notes that this case has been stayed, and thus no discovery has taken place. At the conclusion of discovery, the parties may file motions for summary judgment, should they so chose.

Accordingly, it is now:

**ORDERED**:

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #11) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of August, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record